**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JASON A. HAYZLETT, KEVIN T. COX, and JOSEPH A. HERR, | No. 20-877 (JRT/HB) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| SUSAN JOHNSON, TERRY KNEISEL, STEVE SAJDAK, SCOTT BENOIT, and SARAH KULAS, *in their individual and official capacities*, | |
| Defendants. | |

Jason A. Hayzlett, Kevin T. Cox, and Joseph A. Herr, **MSOP**, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Ali Patrick Afsharjavan, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for defendants.

Plaintiffs Jason A. Hayzlett, Kevin T. Cox, and Joseph A. Herr, who are civilly committed in the Minnesota Sex Offender Program ("MSOP"), filed a Complaint against multiple MSOP staff members in their individual and official capacities. Plaintiffs' Complaint alleges constitutional violations under the First and Fourteenth Amendments. Defendants moved to dismiss the Complaint, pursuant to Rules of Civil Procedure 12(b)(1) and 12(b)(6). Magistrate Judge Hildy Bowbeer recommended that Defendants' Motion be granted, and Plaintiffs' Complaint be dismissed with prejudice. Plaintiffs filed Objections to Judge Bowbeer's Report and Recommendation ("R&R").

Because the Court finds that Plaintiffs have failed to state a claim for violations of

Plaintiffs' constitutional rights under the First and Fourteenth Amendments, the Court

will overrule Plaintiffs' objections, adopt the R&R, and grant Defendants' Motion to

Dismiss with prejudice.

## I.    FACTUAL BACKGROUND

Plaintiffs Jason A. Hayzlett, Kevin T. Cox, and Joseph A. Herr are civilly committed

to the Minnesota Sex Offender Program ("MSOP") and reside at MSOP's facility in Moose

Lake, Minnesota. (Compl. ¶ 1, April 2, 2020, Docket No. 1.) Plaintiffs' complaint focuses

on an MSOP policy ("Policy 420-5250"), which establishes a list of "approved vendors"

from which clients of the program can purchase certain approved durable goods,

including televisions, DVD players, and gaming systems. (Compl. ¶¶ 8–10.) Plaintiffs state

that although Policy 420-5250 identifies a list of approved vendors for other durable

goods, there is only one vendor—a GameStop located in Texas—from which clients are

allowed to purchase first generation Xbox 360 gaming systems.  (*Id.*)  MSOP staff

circulated a memo to clients on April 25, 2019, which relayed the approved vendor

limitation for first generation Xbox 360 systems.  (*Id.* ¶ 9.)

Plaintiffs allege that as of January 2020, the approved GameStop location had

depleted its stock of first generation Xbox 360 gaming systems and did not intend to

restock.  (*Id.* ¶¶ 12–15.)  Plaintiffs claim that they made repeated requests to MSOP staff

to attempt to find alternate means of purchasing the specific Xbox 360 systems, but the

policy was not modified, and they were unable to purchase the Xbox units. (*Id.*)  Rather, MSOP staff suggested that Plaintiffs could purchase a different video game system.  (*Id.* ¶¶ 13–14.)  Plaintiffs also contend that clients who had an "outside resource person" were able to place orders to obtain the Xbox systems when others could not, and that some Plaintiffs were disadvantaged because payment was only accepted via credit or debit card.  (*Id.* ¶¶ 16, 18.)

## II.    PROCEDURAL HISTORY

On April 3, 2020, Plaintiffs brought an action pursuant to 42 U.S.C. § 1983 against Susan Johnson, Program Manager at MSOP-Moose Lake; Terry Kneisel, Assistant Facility Director at MSOP-Moose Lake; Steve Sajdak, State Program Administrative Director; Scott Benoit, Security Program Manager; and Sarah Kulas, Supervisor of Property and Mail at MSOP- Moose Lake, in their individual and official capacities. (Compl. ¶ 7.)  Plaintiffs allege that Defendants have infringed their First Amendment right to freedom of speech and their Fourteenth Amendment rights to due process and equal protection by implementing Policy 420-5250, restricting their purchase of Xbox 360 gaming systems to a certain vendor, and discriminating against clients who do not have an "outside resource person" or access to approved payment methods.  (*Id.* ¶¶ 8–20.)

Defendants moved to dismiss the Complaint with prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

may be granted.[1]  (Defs.' Mot. Dismiss, June 2, 2020, Docket No. 21).  Upon review, the

Magistrate Judge issued a Report and Recommendation ("R&R") finding that Plaintiffs'

Complaint, as pleaded, (1) did not plausibly allege that MSOP's policy restricting the

purchase of Xbox 360 systems to certain vendors violated their First Amendment rights

to freedom of speech; (2) did not allege that any similarly situated individuals were

treated dissimilarly, as required for an equal protection claim; (3) did not identify any

constitutionally protected liberty interest that would have triggered a cognizable

procedural due process claim; and (4) did not demonstrate that Defendants' conduct was

egregious or outrageous as required for a plausible substantive due process claim.  (R&R

at 7, 9–11, Sept. 28, 2020, Docket No. 32.)[2]  On October 19, 2020, Plaintiffs filed objections

to the R&R.  (Pls.' R&R Obj., Oct. 19, 2020, Docket No. 33.)

## DISCUSSION

### I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections

to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn.

---

[1] Defendants also move to dismiss based on lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) but do not present substantive argument on that ground.  Because the Court finds that Plaintiffs fail to state a claim upon which relief can be granted, the Court analyzes the Motion pursuant only to Rule 12(b)(6).

[2] The R&R further recommended that Defendants were entitled to qualified immunity because Plaintiffs did not plausibly allege that Defendants violated a clearly established constitutional right.  (*Id.* at 12–13.)  Because Plaintiffs claims are deficient on the merits, the Court need not address the question of qualified immunity.

LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

## II.    MOTION TO DISMISS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts the complaint's factual allegations as true and grants all reasonable inferences in favor of the non-moving party. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

### A. First Amendment Free Speech

Plaintiffs allege that Policy 420-5250 infringes their First Amendment rights to freedom of speech by limiting the sources from which they may purchase Xbox 360 units. Civilly committed persons do not forfeit their First Amendment rights, but the circumstances of their confinement "may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1038–39 (8th Cir. 2012). Here, the First Amendment does not establish a right for civilly detained individuals to purchase or use gaming consoles, computers, or have unfettered access to the internet. *See Banks v. Jesson*, No. 11-1706, 2012 WL 13094534, at *10 (D. Minn. Jan. 13, 2012) (MSOP's policy restricting Plaintiff from possessing videogame systems and "limitations on detainees' use of computers, email, and the internet do not raise constitutional concerns.").[3] Further, even if there were such a right, Plaintiffs do not allege that they are being restricted from purchasing game consoles, only that the certain system they desire—a first generation Xbox 360—is not currently available from the approved vendor. Plaintiffs, therefore, have

---

[3] *See also Pyron v. Ludeman*, 2011 WL 3293523, at *4 (D. Minn. June 6, 2011) (dismissing First Amendment claims regarding MSOP's limitations on computer storage space where such restrictions did not limit access to courts); *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 n.7 (8th Cir. 2006) (finding that restrictions on civilly committed Plaintiff's computer privileges and access to outside vendors are "*de minimis* restrictions with which the Constitution is not concerned." (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 n.20 (1979))). Further, officials may permissibly restrict the source and type of permissive goods that incarcerated or confined persons may purchase. *See e.g. Bell*, 441 U.S. at 550–51 (upholding a prohibition on hardback books that were not sent from approved sources).

not plausibly alleged that Policy 420-5250 violates their First Amendment rights to free speech.

### B. Fourteenth Amendment

#### 1. Equal Protection

"The Equal Protection Clause requires state actors to treat similarly situated persons alike, but state actors do not run afoul of the Equal Protection Clause if they treat dissimilarly situated persons dissimilarly." *Am. Family Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016). Plaintiffs allege violations of their rights to equal protection because clients who had access to an "outside resource person" were able to purchase Xbox 360 units through GameStop. However, Plaintiffs do not allege that Policy 420-5250 made an exception to the approved vendor requirement for units purchased through "outside resource persons," only that those who had outside resource persons were able to procure the units. Plaintiffs also allege that credit and debit cards were the only payment method accepted, which disadvantaged clients without access to credit or debit cards. However, the equal protection clause does not require MSOP to create a level opportunity for dissimilarly situated clients to purchase recreational goods, such as gaming systems. Because Plaintiffs have not alleged facts to suggest that either Policy 420-5250, or the staff who implemented the policy, have treated similarly situated people differently, the Court finds that Plaintiffs have failed to state a claim for violation of their equal protection rights.

### 2. Procedural Due Process

Finally, "[t]o set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011) (quotation omitted). Protected liberty interests may arise from the Due Process Clause or the laws of the states. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011). Civilly detained people like Plaintiffs retain protected liberty interests, though their liberties may be permissibly curtailed due to the circumstances of their confinement. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006). Plaintiffs' property rights may also be reasonably constrained in accordance with MSOP's therapeutic or policy considerations. *See Beaulieu*, 690 F.3d at 1034–35.

Plaintiffs fail to identify any constitutionally protected liberty interest related to MSOP's approved vendor policy. On the contrary, courts have routinely held that civilly committed persons do not have a cognizable liberty or property interest in electronics, including computers, gaming systems, and radio devices.[4] Because Plaintiffs do not identify a constitutionally protected liberty or property interest, Plaintiffs fail to state a cognizable claim for a procedural due process violation.

---

[4] *See e.g. Beaulieu*, 690 F.3d at 1047 ("[Plaintiff] has not identified any property or liberty interest implicated by defendants' refusal to give him access to a legal computer."); *Banks*, 2012 WL 13094534, at *11 ("As in the case of personal computers, Plaintiff has no constitutional right to electronic gaming systems or satellite radio devices."); *Semler v. Ludeman*, Civ. No. 09-0732, 2010 WL 145275 (D. Minn. Jan. 8, 2010) ("No federal, state, or local statute creates a property right for Plaintiffs to possess computers and electronics[.]").

### 3. Substantive Due Process

"To establish a substantive due process violation, [the plaintiff] must demonstrate that a fundamental right was violated and that [the defendant's] conduct shocks the conscience." *Stockley v. Joyce*, 963 F.3d 809, 818 (8th Cir. 2020) (quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 980 (8th Cir. 2013). "Only in the rare situation when state action is truly egregious and extraordinary will a substantive due process claim arise." *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (quotation omitted). Plaintiffs have asserted no fundamental right to possess or purchase first generation Xbox 360 units and Plaintiffs have alleged no facts to suggest that Defendants' conduct shocks the conscience or rises to the level of an egregious abuse of power. Accordingly, Plaintiffs fail to state a claim for violation of their substantive due process rights. Although Plaintiffs' claims are clearly not colorable in federal court and this action must be dismissed, the Court encourages Defendants to try to find alternative acceptable vendors for this product.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 32] is **ADOPTED** and Plaintiffs' Objections to the R&R [Docket No. 33] are **OVERRULED**;

2. Defendants' Motion to Dismiss [Docket No. 21] is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  February 8, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court